NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued December 14, 2021
Decided January 21, 2022

**Before**

DIANE S. SYKES, *Chief Judge*

DAVID F. HAMILTON, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 21-2216

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. |
| *v.* | No. 3:19-CR-052 JD-MGG |
| DERRICK T. LEE, *Defendant-Appellant*. | Jon E. DeGuilio, *Chief Judge*. |

## O R D E R

Derrick Lee, who pleaded guilty to discharging a firearm in furtherance of an attempted armed robbery, 18 U.S.C. § 924(c), appeals the district court's denial of his motion to suppress his inculpatory statements. He argues that law-enforcement officers improperly continued questioning him after he invoked his right to counsel or, at least, failed to clarify his wishes. The judge was correct that Lee never unambiguously requested an attorney and nothing required the officers to ask clarifying questions, so we affirm.

In 2019 Lee attempted an armed robbery. He posed as a female sex worker in an online advertisement and lured a victim to a house in South Bend, Indiana, under pretenses of meeting for sex. When the victim arrived, Lee pointed a handgun at him and ordered him to give up "all he's got." The victim drew his own handgun, and the two exchanged fire, with Lee striking the victim in the knee. Both fled the scene. The police later found another victim whom Lee had robbed under similar circumstances.

A few months later, police officers arrested Lee for an unrelated offense. A police detective and an FBI agent questioned him in an interview room at the police station. At one point they began asking about the attempted robbery, and Lee considered whether he needed a lawyer:

> LEE: Do I need a lawyer or something?
> AGENT: That's totally up to you my friend … [,] totally up to you.
> LEE: Before I get to even try and talk to you, do I need a lawyer?
> AGENT: Totally up to you.
> LEE: Would it be best?
> AGENT: Totally up to you. I can't give you any advice on that and they tell us we can't give you any advice on that. I'd like to see you get through this.
> LEE: I'd like to see me get through this fast.
> … .
> LEE: I feel like I should have a lawyer, but I feel like when y'all leave here this is gonna go in your ball park, even if I say I want a lawyer. It is, ain't it?
> AGENT: We're going to keep plugging away. And I'm gonna probably find some more victims.

After this exchange Lee admitted to being present at the scene and shooting the victim he had lured there, though he said it was in self-defense.

After Lee was charged with Hobbs Act robbery, 18 U.S.C. § 1951; possessing a firearm as a felon, *id.* § 922(g); and discharging a firearm to further a violent crime, *id.* § 924(c), he moved to suppress his admissions. He argued that when he said, "Do I need a lawyer?" and "I feel like I should have a lawyer," he unambiguously requested an attorney, and so questioning should have stopped. Lee added that the officers should

have asked follow-up questions if they were not sure whether he was invoking his right to counsel.

After hearing argument on the motion, a magistrate judge recommended against suppression. The magistrate judge concluded that none of Lee's statements were unequivocal requests for a lawyer and that Lee's questions about whether he needed an attorney did not show a "certain and present desire" to consult with counsel. But the magistrate acknowledged that whether "I feel like I should have a lawyer" sufficed was a closer call. And when considered in context ("I feel like I should have a lawyer, but I feel like when y'all leave here this is gonna go in your ball park, even if I say I want a lawyer"), the phrase reflected indecision. Finally, the magistrate judge noted that although the Supreme Court in *Davis v. United States*, 512 U.S. 452, 461–62 (1994), recognized that it is "good police practice" for officers to clarify whether suspects who make ambiguous statements wish to invoke their right to counsel, it explicitly declined to adopt a rule requiring them to do so.

Over Lee's objection, the district judge adopted the magistrate judge's recommendation and denied the motion. Lee then conditionally pleaded guilty to the § 924(c) charge in a plea agreement that preserved the right to appeal the denial of the suppression motion.

The facts—including that Lee was a suspect under custodial interrogation at the time in question—are not disputed, so we review the denial of Lee's motion de novo. *See United States v. Hunter*, 708 F.3d 938, 942 (7th Cir. 2013). On appeal Lee first repeats his argument that he unambiguously invoked his right to counsel. When a suspect clearly asserts that right, all questioning must stop, and any admissions obtained after that point must be suppressed. *See Edwards v. Arizona*, 451 U.S. 477, 484–85, 487 (1981). A statement is sufficient if it shows "a certain and present desire to consult with counsel." *Hunter*, 708 F.3d at 942. But if the suspect makes an "ambiguous or equivocal" reference to an attorney and a reasonable officer would conclude only that the suspect *might* be invoking the right to counsel, questioning can continue. *See Davis*, 512 U.S. at 459.

The district judge was correct that none of Lee's statements were unambiguous requests for counsel. Lee first contends that his question "Do I need a lawyer?" is analogous to "Can I have a lawyer?"—a request that we deemed to be an unambiguous invocation in *United States v. Lee*, 413 F.3d 622, 626 (7th Cir. 2005). (That case involved a different defendant also named Lee.) But we rejected the same argument in *United States*

*v. Wysinger*, 683 F.3d 784, 795 (7th Cir. 2012). We explained that "'Do I need a lawyer?' is a substantively different question than 'Can I have a lawyer?,'" with the former suggesting only that the speaker is "contemplating whether he is in need of the services of a lawyer" and thus not clearly requesting counsel. *Id.* Next, there is no unambiguous request in the other statement Lee cites, especially in its entirety: "I feel like I should have a lawyer, but I feel like when y'all leave here this is gonna go in your ball park, even if I say I want a lawyer." *See United States v. Hampton*, 675 F.3d 720, 728 (7th Cir. 2012) ("I felt like it should have been an attorney here" was ambiguous in the context of the suspect's equivocations). We have noted that using hedging language such as "but" is a sign that a suspect was not clearly invoking the right to counsel, *id.* at 727, and we have distinguished ambiguous language like "should" or "might" from clear language like "can," *Hunter*, 708 F.3d at 943–44. Further, the clause "even if I say I want a lawyer" would allow a reasonable officer to believe that Lee had not yet asked for an attorney.

Lee argues in the alternative that our precedent requires officers to ask clarifying questions in response to ambiguous references to an attorney and that the officers' failure to do so here demands suppression. He is mistaken. As the district judge pointed out, the Supreme Court in *Davis* expressly declined to adopt such a rule, 512 U.S. at 461–62, and we have repeatedly emphasized—including in the very case that Lee relies on, *Lee*, 413 F.3d at 625—that this practice is encouraged but not required. *See also Hampton*, 675 F.3d at 728; *United States v. Shabaz*, 579 F.3d 815, 818 (7th Cir. 2009). Because Lee does not accurately state our precedent, he necessarily does not provide a "compelling reason" for overturning it. *Wilson v. Cook County*, 937 F.3d 1028, 1035 (7th Cir. 2019).

AFFIRMED